ROSARIO WILSON *v.* OFFICE OF ADULT PROBATION
(AC 20804)

Foti, Landau and Dranginis, Js.

 

Submitted on briefs September 12—officially released November 27, 2001

*Michael Boyle* filed a brief for the appellant (petitioner).

*Scott J. Murphy*, state's attorney, *James M. Ralls*, supervisory assistant state's attorney, and *Louis Luba, Jr.*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

FOTI, J. The petitioner, Rosario Wilson, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court improperly concluded that the trial court's canvass substantially complied with Practice Book § 39-19[1] and thus rendered the petitioner's guilty plea voluntarily and knowingly entered. The petitioner had pleaded guilty to the offense of sale of narcotics as an accessory in violation of General Statutes §§ 53a-8 and 21a-277 (a). The petitioner was sen-

---

[1] Practice Book § 39-19 provides in relevant part: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he . . . fully understands . . .

"(5) . . . that he . . . has the right . . . to confront and cross-examine witnesses against him . . . ."

tenced to three years in prison, execution suspended, with three years probation with conditions imposed and a $10,000 fine. The petitioner was placed under the supervision of the office of adult probation pursuant to General Statutes § 53a-29 (c).[2] We affirm the judgment of the habeas court.

The petitioner has raised, in the present appeal, a constitutional claim that he did not bring in a direct appeal from the judgment of conviction. "Generally, [b]ecause habeas corpus proceedings are not an additional forum for asserting claims that should properly be raised at trial or in a direct appeal, a petitioner must meet the cause and prejudice standard of *Wainwright* v. *Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977), for determining the reviewability of habeas claims that were not properly pursued on direct appeal. . . . Unless the petitioners can satisfy that standard, they are not entitled to review of their claims on the merits." (Citations omitted; internal quotation marks omitted.) *Milner* v. *Commissioner of Correction*, 63 Conn. App. 726, 731, 779 A.2d 156 (2001).

Although "the petitioner has the burden of proving cause and prejudice . . . that burden does not arise until after the respondent raises the claim of procedural default in its return." (Citation omitted.) Id., 734. Because the respondent failed to plead the defense of procedural default in its return as mandated by Practice Book § 23-30 (b), we will address the merits of the petitioner's claim. See *Milner* v. *Commissioner of Correction*, supra, 63 Conn. App. 734.

---

[2] General Statutes § 53a-29 (c) provides in relevant part: "When the court imposes a sentence of conditional discharge the defendant shall be released with respect to the conviction for which the sentence is imposed but shall be subject, during the period of such conditional discharge, to such conditions as the court may determine. . . . When a person is sentenced to a period of probation, he shall pay to the court a fee of two hundred dollars and shall be placed under the supervision of the Office of Adult Probation."

"The conclusions reached by the [habeas] court in its decision to dismiss the habeas petition are matters of law, subject to plenary review. . . . Thus, [w]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record. . . . *In re Jonathan M.*, 255 Conn. 208, 217, 764 A.2d 739 (2001)." (Internal quotation marks omitted.) *Smith* v. *Commissioner of Correction*, 65 Conn. App. 172, 175–76, 782 A.2d 201 (2001).

"The United States Supreme Court has held that for the acceptance of a guilty plea to comport with due process, the plea must be voluntarily and knowingly entered. *Boykin* v. *Alabama*, 395 U.S. 238, 243–44, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)." *State* v. *Carter*, 243 Conn. 392, 397, 703 A.2d 763 (1997). "We are bound by our Supreme Court's decision in [*State* v. *Badgett*, 200 Conn. 412, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986)], which requires us to focus our inquiry on whether the federal constitutional principles of [*Boykin* v. *Alabama*, supra, 243] were satisfied rather than on meticulous compliance with the provisions of the Practice Book. . . . *Boykin* requires that before accepting a defendant's plea, a trial court must inform him of three core constitutional rights: His right to be free of compulsory self-incrimination, and his rights to a jury trial and to confront his accusers. . . . *State* v. *Williams*, 60 Conn. App. 575, 581, 760 A.2d 948, cert. denied, 255 Conn. 922, 763 A.2d 1043 (2000)." (Internal quotation marks omitted.) *State* v. *Silva*, 65 Conn. App. 234, 241, 783 A.2d 7, cert. denied, 258 Conn. 929, 783 A.2d 1031 (2001).

"[T]he determination as to whether a plea has been knowingly and voluntarily entered entails an examination of all of the relevant circumstances [and] the plea may satisfy constitutional requirements even in the absence of literal compliance with the prophylactic

safeguards of [Practice Book §§ 39-19 and 39-20]. . . . *State* v. *Johnson*, 253 Conn. 1, 44, 751 A.2d 298 (2000)." (Internal quotation marks omitted.) *State* v. *Silva*, supra, 65 Conn. App. 241–42.

In this case, the trial court informed the petitioner: "When you plead guilty, you give up your right to a trial by judge or by jury. You give up your right to make the state prove you guilty beyond a reasonable doubt. You give up your right to present a defense if, in fact, you wanted to do so. And, finally, you give up your right to remain silent. Do you want to give up those rights or do you want a trial?" The petitioner responded, "I want to give up those rights." The petitioner argues that this colloquy failed to inform him of his right to confront his accusers and therefore rendered his plea involuntary and unknowing. We disagree.

Our Supreme Court has held that specific words are not required to inform the defendant of his right against compulsory self-incrimination. *State* v. *Badgett*, supra, 200 Conn. 420. Rather, the reviewing court's focus is directed at "all of the relevant circumstances" surrounding the canvass to determine whether the "substance" of the defendants' rights are "sufficiently conveyed" by the canvassing court. *State* v. *Domian*, 235 Conn. 679, 687, 668 A.2d 1333 (1996)." *State* v. *Carter*, supra, 243 Conn. 399. A guilty plea will not be invalidated simply because of the court's failure to enumerate specifically each right waived by the defendant where the record, considered as a whole, affirmatively shows that the plea was entered knowingly and voluntarily. See, e.g., *United States* v. *Colston*, 936 F.2d 312, 318 (7th Cir.) (considering plea canvass as whole, court's failure to specifically inform defendant of right to confront accusers or cross-examine witnesses did not render plea involuntary or unknowing), cert. denied, 502 U.S. 951, 112 S. Ct. 403, 116 L. Ed. 2d 352 (1991);

*United States* v. *Henry,* 113 F.3d 37, 42 (5th Cir. 1997) (same).

We are satisfied that the constitutional requirement has been met in the present case. The petitioner's responses to the court's canvass, the participation of his attorney during the canvass, and the court's reminder to the petitioner that he had the right to a trial before a judge or a jury and the right to present a defense if he wanted to do so lead to the conclusion that he was sufficiently aware of the consequences of and alternatives to his guilty plea. Although the words "right to confront one's accusers" were not used in the canvass, the record supports the conclusion that the petitioner knew that he had an alternative to pleading guilty and that this alternative permitted him to challenge the state's factual allegations through a trial.

The judgment is affirmed.

In this opinion the other judges concurred.