TAMMY HASTINGS *v.* COMMISSIONER OF
CORRECTION
(AC 23755)

Schaller, Dranginis and Bishop, Js.

Argued February 11—officially released April 27, 2004

*Adele V. Patterson*, assistant public defender, for the appellant (petitioner).

*Christopher T. Godialis*, assistant state's attorney, with whom, on the brief, were *Kevin T. Kane*, state's attorney, and *Kathleen A. Dwyer*, deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Tammy Hastings, appeals from the judgment of the habeas court dismissing her petition for a writ of habeas corpus for lack of subject matter jurisdiction. On appeal, the petitioner claims that the court improperly determined that it lacked jurisdiction. We affirm the judgment of the habeas court.

The court found the following facts. The petitioner was convicted under two different docket numbers and sentenced to a total effective term of eighteen months incarceration, which was to end on January 20, 2001. The respondent commissioner of correction actually released the petitioner on January 19, 2001, because January 20 was a Saturday. Prior to her release, on January 16, 2001, the petitioner drafted and had notarized the petition presently at issue. She mailed the petition on the same day, but mailed the petition to the wrong address, sending it to the former address of the Norwich clerk's office. That address had not been used by the Norwich clerk's office for at least four years.

The Norwich clerk's office, despite the incorrect address, still received the petition. At that point, the New London judicial district contained more than one

courthouse. The policy in effect at the time stated that all habeas corpus matters were to be handled in New London. Therefore, the Norwich clerk sent the petition by courier to the New London clerk. The petition was time stamped and date stamped as having arrived in New London on January 24, 2001. In keeping with that policy, there was no notation as to when the petition was received in Norwich because the case was not to be handled there. According to the Norwich clerk, the petition would have been sent to New London on either the day it was received or the following day, which would have been Monday, January 22, or Tuesday, January 23, 2001, respectively.

The court held that if the petition had been filed in Norwich before the sentence expired, the petitioner would have complied with General Statutes § 52-466, and the court would have had jurisdiction over the petition. The court found, however, that "the petition was received by the clerk's office in Norwich on Monday January 22, 2001, or possibly January 23, 2001. It is not possible to speculate as to what may have caused the delay in the delivery of the petition to the clerk's office at Norwich. The procedure for picking up mail at the prison may have been a factor. Most likely, the improper address was also a factor." The court went on to hold that the petitioner was not in custody when the petition was filed and, thus, the court did not have subject matter jurisdiction.

Whether a court has subject matter jurisdiction over an action is a question of law, and our review of the court's determination is plenary. *Doe* v. *Roe*, 246 Conn. 652, 660, 717 A.2d 706 (1998). To the extent that the court makes necessary factual findings, we review the factual findings only to determine if they are clearly erroneous. *Morton Buildings, Inc.* v. *Bannon*, 222 Conn. 49, 53, 607 A.2d 424 (1992); see also *Rich-Taub-*

*man Associates* v. *Commissioner of Revenue Services,* 236 Conn. 613, 618, 674 A.2d 805 (1996).

"[P]ursuant to General Statutes § 52-466, a Connecticut habeas court has subject matter jurisdiction only over those cases brought by a petitioner who is 'illegally confined or deprived of his liberty' under the challenged conviction." *Ford* v. *Commissioner of Correction,* 59 Conn. App. 823, 826, 758 A.2d 853 (2000). A person is in custody when he is under a legal restraint. See *Maleng* v. *Cook,* 490 U.S. 488, 491–93, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (petitioner must be under some restraint when petition filed or petitioner not in custody and cannot bring challenge as to conviction or collateral consequences stemming therefrom); *Carafas* v. *LaVallee,* 391 U.S. 234, 239–40, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968) (custody requirement does not mean petitioner must be in custody during entire pendency of legal proceedings, only at time petition filed). The party bringing the action bears the burden of proving that the court has subject matter jurisdiction. See *Fink* v. *Golenbock,* 238 Conn. 183, 199, 680 A.2d 1243 (1996).

The petitioner argues that the court erroneously concluded that the petition was received in Norwich on January 22 or 23, 2001. In support thereof, the petitioner cites the fact that according to a docket notation dated January 30, 2001, her motion to waive fees and costs was granted on January 23, 2001. That evidence fails to convince us that the court's determination was incorrect. Rather, we find that evidence to be consistent with the conclusion of the court that the petition arrived in Norwich on January 22 or 23, 2001, and was transmitted to New London on either the same day or the following day. Although that evidence does conflict with the time stamp and date stamp, it does not prove that the court's determination was clearly erroneous.[1]

---

[1] The record is devoid of any explanation of the circumstances, including location, regarding the waiver notation in the court file.

The petitioner also argues that the court improperly dismissed the petition because the court should not have imposed on her the burden of overcoming the Norwich clerk's failure to time stamp and date stamp the petition. Notwithstanding our jurisprudence, which requires the party bringing the action to prove that the court has subject matter jurisdiction, we do not see how the court forced the petitioner to overcome the mistake.

The petitioner further argues that this court should adopt the prison "mailbox rule"; see *Houston* v. *Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (notice of appeal deemed filed when prisoner delivers it to prison authorities for forwarding to court); but see *Smith* v. *Conner*, 250 F.3d 277, 279 (5th Cir. 2001) (declining to apply mailbox rule when applicable regulation defines "filing" clearly); which would make the filing date the date the prisoner delivered the petition to prison authorities for forwarding to the court, as opposed to the date the petition is received in court. We decline to adopt such a rule.

The judgment is affirmed.