TAMMY HASTINGS *v.* COMMISSIONER OF
CORRECTION
(SC 17247)

Sullivan, C. J., and Norcott, Katz, Palmer and Vertefeuille, Js.

Argued March 10—officially released July 26, 2005

*Adele V. Patterson*, assistant public defender, for the appellant (petitioner).

*Christopher T. Godialis*, assistant state's attorney, with whom, on the brief, were *Kevin T. Kane*, state's attorney, and *Kathleen A. Dwyer*, deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Tammy Hastings, appeals from the judgment of the Appellate Court affirming the judgment of the habeas court, which dismissed her petition for a writ of habeas corpus. *Hastings* v. *Commissioner of Correction*, 82 Conn. App. 600, 601, 847 A.2d 1009 (2004). The Appellate Court concluded that the petitioner, who had mailed her habeas petition while she was incarcerated on the conviction under attack, but whose petition was not date and time stamped as being received by the New London clerk's office until after her conviction had expired fully, was not in the custody of the respondent, the commissioner of correction, within the meaning of General Statutes § 52-466[1] at the time her petition was filed. Id.,

[1] General Statutes § 52-466 provides in relevant part: "(a) An application for a writ of habeas corpus shall be made to the superior court or to a judge thereof for the judicial district in which the person whose custody is in question is claimed to be illegally confined or deprived of his liberty, provided any application made by or on behalf of a person confined in the Connecticut Correctional Institution, Enfield-Medium or the Carl Robinson Correctional Institution, Enfield, shall be made to the superior court or a judge thereof for the judicial district of Tolland.

"(b) The application shall be verified by the affidavit of the applicant for the writ alleging that he truly believes that the person on whose account the writ is sought is illegally confined or deprived of his liberty.

"(c) The writ shall be directed to some proper officer to serve and return, who shall serve the same by putting a true and attested copy of it into the hands of the person who has the custody of the body of the person who is directed to be presented upon the writ. If the officer fails to make immediate return of the writ, with his actions thereon, he shall pay fifty dollars to the person so held in custody. . . ."

603. Accordingly, the Appellate Court determined that the habeas court lacked subject matter jurisdiction to consider her petition. Id., 603–604. We granted the petitioner's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly conclude that the habeas court lacked subject matter jurisdiction over the petitioner's petition?" *Hastings* v. *Commissioner of Correction*, 271 Conn. 901, 859 A.2d 560 (2004). The petitioner claims on appeal that the "custody" requirement in § 52-466 is not jurisdictional and that the Appellate Court improperly failed to exercise every presumption in favor of the habeas court's jurisdiction.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, and in light of our decision in *Lebron* v. *Commissioner of Correction*, 274 Conn. 507, 876 A.2d 1178 (2005), which was released on the same date as this opinion and in which we concluded that the "custody" requirement in § 52-466 is jurisdictional, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.