GARY SADLER *v.* COMMISSIONER OF CORRECTION
(AC 26702)

Schaller, Bishop and Harper, Js.

Argued January 18—officially released April 17, 2007

*Gary Sadler,* pro se, the appellant (petitioner).

*Madeline A. Melchionne,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Henri Alexandre,* assistant attorney general, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Gary Sadler, appeals following the granting of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. The petitioner's sole claim on appeal is that he was improperly denied reasonable access to the courts. We affirm the judgment of the habeas court.

The relevant facts and procedural history are set forth in the habeas court's memorandum of decision. "On June 11, 1998, in the Superior Court for the judicial district of Waterbury, the petitioner was convicted of the crime of manslaughter in the first degree with a firearm in violation of General Statutes § 53a-55a (a) after a plea of guilty under the doctrine of *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). . . . As a result of such conviction, a sentence of thirty years was imposed. The petitioner is, at present, in the custody of the respondent, the commissioner of correction, serving this sentence. . . .

"The petitioner did not know how to proceed on his basic claim that his incarceration was illegal. He testified that a law library was not available to him and that he relied on the advice from other prisoners. . . . It is the petitioner's desire to exercise his right to represent himself pro se in this action. The petitioner has no legal training, and he does desire legal assistance in this matter. He would like an attorney to advise him how to proceed in the habeas corpus matter and to assist him in obtaining transcripts and information on changes in the law. . . . The public defender's office cannot give legal assistance since public defenders or special public defenders can only render legal assistance after they have been appointed by the court . . . . The petitioner [however] is adamant in his position that he does not want a public defender or special public defender to represent him in his habeas corpus matter. The petitioner's testimony indicates that he has some access to a law library, a typewriter and a copying machine." (Citations omitted.)

On appeal, the petitioner claims that the court improperly denied the habeas corpus petition because he wrongfully was denied his right to reasonable access to the courts in his criminal matters. We are unpersuaded.

"The conclusions reached by the [habeas] court in its decision to dismiss the habeas petition are matters of law, subject to plenary review. . . . Thus, [w]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Internal quotation marks omitted.) *Wilson* v. *Office of Adult Probation*, 67 Conn. App. 142, 145, 786 A.2d 1120 (2001).

It is well established that "prisoners have a constitutional right of access to the courts . . . [and that such access must be] adequate, effective and meaningful." (Citations omitted; internal quotation marks omitted.) *Bounds* v. *Smith*, 430 U.S. 817, 821–22, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977). "Decisions of the United States Supreme Court have consistently required [s]tates to shoulder affirmative obligations to assure all prisoners meaningful access to the courts. . . . *Bounds* does not [however] guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." (Citations omitted; internal quotation marks omitted.) *Washington* v. *Meachum*, 238 Conn. 692, 735–36, 680 A.2d 262 (1996).

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law." (Emphasis added.) *Bounds* v. *Smith*, supra, 430 U.S. 828. "Such assistance, however, may take many forms.

*Lewis* v. *Casey*, [518 U.S. 343, 356, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996)] (*'Bounds . . .* guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts') . . . ." (Citations omitted.) *Washington* v. *Meachum*, supra, 238 Conn. 736. "Practices or regulations are invalid under *Bounds* only if the prisoner is denied access to both legal assistance and legal materials." (Emphasis added.) *Santiago* v. *Commissioner of Correction*, 39 Conn. App. 674, 681, 667 A.2d 304 (1995). In addition, "[i]nsofar as the right vindicated by *Bounds* is concerned, meaningful access to the courts is the touchstone . . . and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." (Citation omitted; internal quotation marks omitted.) *Lewis* v. *Casey*, supra, 351.

In the present matter, after considering the evidence before it, the court denied the petition for a writ of habeas corpus. The court concluded that "the state of Connecticut is complying with the requirements of *Bounds* by providing prisoners with adequate assistance from persons trained in the law. . . . Appointment of counsel can be a valid means of fully satisfying a state's constitutional obligation to provide prisoners with access to the courts. . . .

"The adequate assistance of counsel is provided by this state through inmate legal assistance for civil matters and the public defender's office for criminal matters. General Statutes § 51-296[1] requires that public

---

[1] General Statutes § 51-296 (a) provides in relevant part: "In any criminal action, in any habeas corpus proceeding arising from a criminal matter . . . the court before which the matter is pending shall, if it determines after investigation by the public defender or his office that a defendant is indigent as defined under this chapter, designate a public defender, assistant public defender or deputy assistant public defender to represent such indigent defendant . . . ."

defenders be appointed by the court for qualified persons. The public defender's office has no authority to assign counsel to assist inmates without court appointment. In the case at bar, the petitioner, who probably qualifies for the appointment of a public defender, has elected not to apply for such an appointment, preferring to be his own lawyer. Under such circumstances, it cannot be found that the petitioner is being denied the fundamental constitutional right of access to the courts required by *Bounds*. [Moreover] [c]onsidering the amount of litigation which the petitioner has been involved in, any claim that he has been denied his right to access of the courts is misplaced." (Citations omitted; internal quotation marks omitted.) In this statement, the court was making reference to several matters in which the petitioner has had access to the courts.[2]

We agree with court's determination that the petitioner has failed to demonstrate that any alleged shortcomings in the library to which he is afforded access or the legal assistance program at his disposal have hindered his efforts to pursue legal claims. See *State* v. *Fernandez*, 254 Conn. 637, 653–56, 758 A.2d 842 (2000) (appointment or availability of public defender served as adequate link to legal information and satisfied mandates of *Bounds*), cert. denied, 532 U.S. 913, 121 S. Ct. 1247, 149 L. Ed. 2d 153 (2001). Furthermore, and as noted by the court, the fact that the petitioner has had prior access to the court system and still has pending cases, belies his claim that he has been denied access to the courts.

---

[2] The state's brief reflects that the petitioner has been a party to the following litigation: *Sadler* v. *Commissioner of Correction*, Superior Court, judicial district of New London, Docket No. CV-03-0564833-S (December 29, 2003); *Sadler* v. *Director of Special Public Defenders*, Superior Court, judicial district of Hartford, Docket No. CV-04-0831872-S (April 10, 2006); *Sadler* v. *Commissioner of Correction*, Superior Court, judicial district of New London, Docket No. CV-02-0564182-S (March 30, 2005).

Thus, our review of the record leaves us with the firm conviction that the petitioner has failed to demonstrate that he has been denied reasonable access to the courts.

The judgment is affirmed.