## MICHAEL A. YOUNG *v.* COMMISSIONER OF CORRECTION
### (AC 26962)

Flynn, C. J., and Harper and McDonald, Js.

Argued April 25—officially released October 9, 2007

*Neal Cone*, senior assistant public defender, for the appellant (petitioner).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, were *Matthew C. Gedansky*, state's attorney, and *James A. Killen*,

senior assistant state's attorney, for the appellee (respondent).

*Opinion*

MCDONALD, J. The petitioner, Michael A. Young, appeals from the judgment of the habeas court dismissing his June 10, 2003 petition for a writ of habeas corpus for lack of subject matter jurisdiction. On appeal, the petitioner claims that the court improperly dismissed his petition. We affirm the judgment of the habeas court.

The following facts and procedural history are relevant to our resolution of the petitioner's appeal. The petitioner filed a petition for a writ of habeas corpus on June 10, 2003. In the petition, the petitioner challenged his January 11, 1996 sentence (January sentence) resulting from the petitioner's having pleaded guilty on October 20, 1995, to several crimes. Upon that plea, the petitioner was sentenced to three years of imprisonment, with execution of the sentence suspended after ten months, and three years of probation. In the habeas petition, the petitioner claimed that his guilty plea was coerced, his sentencing was illegal, he received ineffective assistance of counsel, he was the victim of prosecutorial impropriety and he was actually innocent.

At the start of the habeas trial on February 3, 2005, counsel for the petitioner informed the habeas court that the petitioner's sentence, which the habeas petition challenged, had expired in November, 1997, and that the petitioner was no longer incarcerated under that sentence. After the court expressed reservations relating to the court's ability to hear the petition, the petitioner himself informed the court that he believed the court properly could find jurisdiction. Although no testimony or other evidence was presented to the court, the petitioner stated that the challenged October, 1995 plea agreement resulted in the January sentence that

was used to "enhance" a later sentence that he still was serving at the time of the habeas proceeding. Thereafter, the court, sua sponte, dismissed the petition for lack of subject matter jurisdiction. In dismissing the petition, the court noted that the petitioner's January sentence resulting from the October, 1995 plea, which was the subject of the present habeas action, had expired.[1] The court held that when a petitioner is no longer incarcerated pursuant to the challenged conviction, the petitioner is not in custody within the meaning of the Connecticut habeas statute. Thereafter, the court granted the subsequent petition for certification to appeal, and this appeal followed.

Before the habeas court, the petitioner argued that he was in custody on the expired January sentence on the basis of the use of the January, 1996 conviction to "enhance" a present sentence. A habeas petitioner, however, does not remain "in custody under a conviction after the sentence imposed for it has fully expired, merely because . . . that . . . conviction [had been] used to enhance [a subsequent sentence]." (Internal quotation marks omitted.) *Maleng* v. *Cook*, 490 U.S. 488, 492, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (per curiam); see also *McCarthy* v. *Commissioner of Correction*, 82 Conn. App. 480, 483, 844 A.2d 920 (2004), aff'd, 274 Conn. 557, 877 A.2d 758 (2005). In this appeal, the petitioner has not pursued this argument. Instead, relying on *Garlotte* v. *Fordice*, 515 U.S. 39, 115 S. Ct. 1948,

---

[1] Although the court made no findings of fact on the record, and the parties did not seek an articulation from the court, it is clear from the transcript of the hearing and from the ruling of the court that the issue under consideration was whether the petitioner satisfied the "in custody" requirement for maintaining a habeas corpus action. From the transcript of the hearing, we are able to infer the facts on which the court's decision appears to have been predicated. See *Hickey* v. *Commissioner of Correction*, 82 Conn. App. 25, 29 n.6, 842 A.2d 606 (2004), appeal dismissed, 274 Conn. 553, 876 A.2d 1195 (2005). "In the absence of an articulation, we may presume that the court made the necessary findings of fact." Id.

132 L. Ed. 2d 36 (1995), the petitioner on appeal argues that because he was serving a sentence that ran consecutively to the January sentence, he remained in custody under both sentences, thereby giving the habeas court subject matter jurisdiction. In his brief on appeal, the petitioner claims that he later was convicted of other crimes that resulted in a forty-four month sentence imposed on April 11, 1996, that was to run consecutively to the January sentence.

"A court has subject matter jurisdiction if it has the authority to hear a particular type of legal controversy." (Internal quotation marks omitted.) *Grant* v. *Commissioner of Correction*, 87 Conn. App. 814, 818, 867 A.2d 145, cert. denied, 274 Conn. 918, 879 A.2d 895 (2005). "[P]ursuant to General Statutes § 52-466,[2] a Connecticut habeas court has subject matter jurisdiction only over those cases brought by a petitioner who is legally confined or deprived of his liberty under the challenged conviction. . . . A person is in custody when he is under a legal restraint." (Citation omitted; internal quotation marks omitted.) *Hastings* v. *Commissioner of Correction*, 82 Conn. App. 600, 603, 847 A.2d 1009 (2004), appeal dismissed, 274 Conn. 555, 876 A.2d 1196 (2005).

A habeas court has subject matter jurisdiction to hear a petition for habeas corpus when the petitioner is in custody at the time that the habeas petition is filed. See *Lebron* v. *Commissioner of Correction*, 274 Conn. 507, 530, 876 A.2d 1178 (2005). "[C]onsiderations relating to

---

[2] General Statutes § 52-466 provides in relevant part: "(a) (1) An application for a writ of habeas corpus . . . shall be made to the superior court . . . for the judicial district in which the person whose *custody* is in question is claimed to be illegally confined or deprived of such person's liberty. . . .

"(c) The writ shall be directed to some proper officer to serve and return, who shall serve the same by putting a true and attested copy of it into the hands of the person who has the custody of the body of the person who is directed to be presented upon the writ. . . ." (Emphasis added.)

the need for finality of convictions and ease of administration . . . generally preclude a habeas petitioner from collaterally attacking expired convictions." (Citation omitted; internal quotation marks omitted.) *Lebron* v. *Commissioner of Correction*, supra, 517, quoting *Lackawanna County District Attorney* v. *Coss*, 532 U.S. 394, 402, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001). Thus, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual in custody for the purposes of a habeas attack upon it." (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 540, 911 A.2d 712 (2006).

In *Garlotte* v. *Fordice*, supra, 515 U.S. 45–46, the United States Supreme Court recognized an exception to the rule articulated in *Maleng* and *Lebron*. This exception provides that a habeas petitioner who is serving consecutive sentences "remains in custody under all of [the] sentences until all are served . . . ." (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, supra, 280 Conn. 543. Our Supreme Court has noted that to establish subject matter jurisdiction to challenge the expired conviction under *Garlotte*, the petitioner must set forth facts indicating that, at the time that he filed the habeas petition, a "successful challenge to the expired conviction [would] have some appreciable effect on the amount of time that he spends in custody." (Internal quotation marks omitted.) Id., 543 n.29; *Oliphant* v. *Commissioner of Correction*, 274 Conn. 563, 574 n.9, 877 A.2d 761 (2005). In this case, under *Garlotte*, the petitioner was required to show that he was incarcerated under a sentence that ran consecutively to the expired sentence and that his successful challenge would have reduced the amount of time that he spends in custody.

"As a preliminary matter, we set forth the applicable standard of review. The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *Lebron* v. *Commissioner of Correction*, supra, 274 Conn. 512. "The conclusions reached by the [habeas] court in its decision to dismiss the habeas petition are matters of law, subject to plenary review. . . . Thus, [w]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Internal quotation marks omitted.) *Sadler* v. *Commissioner of Correction*, 100 Conn. App. 659, 661, 918 A.2d 1033 (2007) (per curiam).

Our Supreme Court has held that the party bringing the action bears the burden of proving that the court has subject matter jurisdiction. See *Fink* v. *Golenbock*, 238 Conn. 183, 199, 680 A.2d 1243 (1996). "[W]ith regard to subject matter jurisdiction, jurisdictional facts are [f]acts showing that the matter involved in a suit constitutes a subject-matter consigned by law to the jurisdiction of that court . . . ." (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, supra, 280 Conn. 535 n.23.

The petitioner, while represented by counsel, failed to present such facts to the habeas judge on the record. It was undisputed that the petitioner's January sentence expired in November, 1997. Also, the record does not establish that the petitioner's present sentence was being served consecutively to the January sentence. It is well established that this court is limited in its review

to matters contained within the record. "It is well settled that [t]he petition for a writ of habeas corpus is essentially a pleading and, as such, it should conform generally to a complaint in a civil action. . . . The principle that a plaintiff may rely only upon what he has alleged is basic. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. . . . While the habeas court has considerable discretion to frame a remedy that is commensurate with the scope of the established constitutional violations . . . it does not have the discretion to look beyond the pleadings and trial evidence to decide claims not raised." (Internal quotation marks omitted.) *Lebron* v. *Commissioner of Correction*, supra, 274 Conn. 519. Here, the record contains no facts demonstrating that, on June 10, 2003, the date on which the habeas petition was filed, the petitioner remained incarcerated under a sentence that ran consecutively to the January sentence and that a successful challenge to the January, 1996 conviction would have had an appreciable effect on the amount of time he would spend in custody. See *Ajadi* v. *Commissioner of Correction*, supra, 280 Conn. 543. Because we review the actions of the habeas court on the record and may not consider extraneous material later submitted directly to us, we affirm the judgment of the habeas court.

The judgment is affirmed.

In this opinion the other judges concurred.