## JESSE L. VANWHY *v.* COMMISSIONER OF CORRECTION
### (AC 30897)

Bishop, DiPentima and Schaller, Js.*

---

\* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued December 4, 2009—officially released May 11, 2010

*Jesse L. Vanwhy,* pro se, the appellant (petitioner).

*Steven R. Strom,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (respondent).

*Opinion*

SCHALLER, J. The petitioner, Jesse L. Vanwhy, appeals following the habeas court's decision to decline to rule on his petition for certification to appeal from the judgment declining to rule on his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion by refusing to rule on his petition for certification to appeal and improperly concluded that it lacked subject matter jurisdiction over his habeas petition. We reverse the judgment of the habeas court.

Our review of the record reveals the following facts and procedural history. On February 9, 2009, the petitioner, representing himself, filed a petition for a writ of habeas corpus, alleging an ex post facto violation.

Specifically, the petitioner claimed that on December 31, 2007, he committed acts for which he was charged with the crime of burglary in the second degree in violation of General Statutes § 53a-102.[1] The petitioner pleaded guilty to this charge on May 22, 2008. On September 19, 2008, he was sentenced to a total effective term of ten years incarceration suspended after four years. The petitioner alleges that at the time of his incarceration, he was advised that he would be eligible for parole after serving 50 percent of his sentence pursuant to General Statutes (Rev. to 2007) § 54-125a. Subsequently, the petitioner received a letter from the board of pardons and paroles[2] informing him that he would not be eligible for parole until he served 85 percent of his sentence. The petitioner claims that Public Acts, Spec. Sess., January, 2008, No. 08-1, § 5 (Spec. Sess.

[1] We note that the petitioner did not allege specifically in his petition that he was charged with the crime of burglary in the second degree in violation of § 53a-102. It is reasonable to infer from his petition that he was charged with this crime because his ex post facto violation is premised on General Statutes (Rev. to 2007) § 54-125a having been amended in 2008 to require persons convicted of having violated § 53a-102 to serve 85 percent of their sentence before becoming eligible for parole.

Furthermore, the petitioner, in his prayer for relief, requested the court to "order the warden or other authorized personnel to re-calculate my parole eligibility date in accordance with [§§] 54-125a and 53a-102 as they existed at the time of [the] offense (12-31-07)." See *Young* v. *Commissioner of Correction*, 104 Conn. App. 188, 193, 932 A.2d 467 (2007) ("[i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, *including those facts necessarily implied from the allegations*, construing them in a manner most favorable to the pleader" [emphasis added; internal quotation marks omitted]), cert. denied, 285 Conn. 907, 942 A.2d 416 (2008). Finally, the petitioner confirmed during oral argument before this court that the underlying offense is burglary in the second degree in violation of § 53a-102.

[2] We note that the board of pardons and paroles was not made a party to this action. Neither party has raised the issue of whether the board is a necessary or indispensable party. "[E]ven if it is assumed that the board is a necessary or indispensable party, the failure to join the board is not a jurisdictional defect depriving the habeas court or this court of subject matter jurisdiction." *Robinson* v. *Commissioner of Correction*, 258 Conn. 830, 837 n.9, 786 A.2d 1107 (2002).

P.A. 08-1),[3] which amended General Statutes (Rev. to 2007) § 54-125a[4] by increasing from 50 percent to 85 percent the portion of a sentence that persons convicted of violating § 53a-102 must serve before becoming eligible for parole, was improperly applied by the board and that it violates the ex post facto clause of the United States constitution.[5]

---

[3] Public Acts, Spec. Sess., January, 2008, No. 08-1, provides in relevant part: "An Act Concerning Criminal Justice Reform. . . .

"Sec. 5. Subsection (b) of section 54-125a of the general statutes is repealed and the following is substituted in lieu thereof (Effective March 1, 2008):

"(b) (1) No person convicted of any of the following offenses, which was committed on or after July 1, 1981, shall be eligible for parole under subsection (a) of this section: Capital felony, as provided in section 53a-54b, felony murder, as provided in section 53a-54c, arson murder, as provided in section 53a-54d, murder, as provided in section 53a-54a, or aggravated sexual assault in the first degree, as provided in section 53a-70a. (2) A person convicted of *(A) a violation of section 1 of this act or section 53a-102, as amended by this act, or (B)* an offense, other than an offense specified in subdivision (1) of this subsection, where the underlying facts and circumstances of the offense involve the use, attempted use or threatened use of physical force against another person shall be ineligible for parole under subsection (a) of this section until such person has served not less than eighty-five per cent of the definite sentence imposed. . . ." (Emphasis in original.)

[4] General Statutes (Rev. to 2007) § 54-125a provides in relevant part: "(a) A person convicted of one or more crimes who is incarcerated on or after October 1, 1990, who received a definite sentence or aggregate sentence of more than two years, and who has been confined under such sentence or sentences for not less than one-half of the aggregate sentence or one-half of the most recent sentence imposed by the court, whichever is greater, may be allowed to go at large on parole in the discretion of the panel of the Board of Pardons and Paroles . . . .

"(b) (1) No person convicted of any of the following offenses, which was committed on or after July 1, 1981, shall be eligible for parole under subsection (a) of this section: Capital felony, as provided in section 53a-54b, felony murder, as provided in section 53a-54c, arson murder, as provided in section 53a-54d, murder, as provided in section 53a-54a, or aggravated sexual assault in the first degree, as provided in section 53a-70a. (2) A person convicted of an offense, other than an offense specified in subdivision (1) of this subsection, where the underlying facts and circumstances of the offense involve the use, attempted use or threatened use of physical force against another person shall be ineligible for parole under subsection (a) of this section until such person has served not less than eighty-five per cent of the definite sentence imposed. . . ."

[5] The constitution of the United States, article one, § 10, provides in relevant part: "No State shall . . . pass any . . . ex post facto Law . . . ."

On February 10, 2009, the court declined to issue the petition for a writ of habeas corpus pursuant to Practice Book § 23-24 (a) (1).[6] Specifically, the court found that "[t]he petition sets forth a claim or claims related to parole. Pursuant to the court's holding in *Baker* v. *Commissioner* [*of Correction*], 281 Conn. 241, 914 A.2d 1034 (2007), this court lacks subject matter jurisdiction where said petition concerns parole eligibility. The court finds there is no liberty interest in parole." On February 20, 2009, the petitioner filed a petition for certification to appeal. On February 23, 2009, the court declined to rule on the petition for certification to appeal pursuant to *Coleman* v. *Commissioner of Correction*, 111 Conn. App. 138, 958 A.2d 790 (2008), cert. denied, 290 Conn. 905, 962 A.2d 793 (2009).[7] Thereafter, the petitioner filed the present appeal.

To resolve the petitioner's claim, we begin by setting forth the standard of review as well as the relevant legal principles. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . A petitioner may establish an abuse of discretion by demonstrating that the issues are debatable among jurists of reason . . . [the] court could resolve the issues [in a different manner] . . . or . . . the questions are adequate to deserve encouragement to proceed further. . . . The

---

[6] Practice Book § 23-24 (a) provides in relevant part: "The judicial authority shall promptly review any petition for a writ of habeas corpus to determine whether the writ should issue. The judicial authority shall issue the writ unless it appears that:

"(1) the court lacks jurisdiction . . . ."

[7] "Our Supreme Court has held that [t]he trial court's decision not to consider the defendant's motions was the functional equivalent of a denial . . . . The inaction by the court is the equivalent of a denial. This court has jurisdiction to determine whether such denial is an abuse of the court's discretion." (Citation omitted; internal quotation marks omitted.) *Coleman* v. *Commissioner of Correction*, supra, 111 Conn. App. 140.

required determination may be made on the basis of the record before the habeas court and applicable legal principles. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . .

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria identified in [*Lozada* v. *Deeds*; 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991)] and adopted by this court for determining the propriety of the habeas court's denial of the petition for certification. Absent such a showing by the petitioner, the judgment of the habeas court must be affirmed [and the appeal dismissed]." (Citations omitted; internal quotation marks omitted.) *Gibson* v. *Commissioner of Correction*, 118 Conn. App. 863, 870–71, 986 A.2d 303 (2010).

On appeal, the petitioner claims that the court abused its discretion by refusing to rule on his petition for certification to appeal and improperly concluded that it lacked subject matter jurisdiction over his habeas petition. Specifically, the petitioner argues that despite the fact that he has no liberty interest in parole, the court's subject matter jurisdiction is not affected when the underlying claim is based on an ex post facto violation. See *Baker* v. *Commissioner of Correction*, supra, 281 Conn. 261–62 ("parole eligibility under § 54-125a does not constitute a cognizable liberty interest sufficient to invoke habeas jurisdiction"); but see *Johnson* v. *Commissioner of Correction*, 258 Conn. 804, 786 A.2d 1091 (2002) (concluding habeas court had subject

matter jurisdiction to consider petitioner's ex post facto challenge to board's parole eligibility determination for sentence based on retroactive application of § 54-125a [b] [2] and [c]). The respondent, the commissioner of correction, argues that, because the petitioner failed to allege the deprivation of a liberty interest, the court properly refused to issue the writ of habeas corpus and rule on the petition for certification to appeal. We agree with the petitioner that he did not have to allege a deprivation of a liberty interest in his habeas petition to invoke the court's jurisdiction to consider a colorable ex post facto claim.

We begin our analysis by noting that "[o]ur Supreme Court has long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Moreover, [i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Internal quotation marks omitted.) *Gonzalez* v. *Commissioner of Correction*, 107 Conn. App. 507, 511, 946 A.2d 252, cert. denied, 289 Conn. 902, 957 A.2d 870 (2008). Furthermore, "[i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . The conclusions reached by

the [habeas] court in its decision to dismiss the habeas petition are matters of law, subject to plenary review. . . . Thus, [w]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Citation omitted; internal quotation marks omitted.) *Young* v. *Commissioner of Correction*, 104 Conn. App. 188, 193, 932 A.2d 467 (2007), cert. denied, 285 Conn. 907, 942 A.2d 416 (2008).

The court correctly noted that the petitioner's claim relates to parole and that there is no liberty interest in parole. In determining whether a court has subject matter jurisdiction over a petition for a writ of habeas corpus that alleges an ex post facto violation, such as the petitioner's, however, the appropriate inquiry "[is] whether retroactive application of the change in [the] law create[s] a sufficient risk of increasing the measure of punishment attached to the covered crimes."[8] (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, supra, 258 Conn. 818. Accordingly, the petitioner did not have to allege a violation of a liberty interest for the habeas court to have subject matter jurisdiction over his petition.

---

[8] We note that the court's conclusion that it lacked subject matter jurisdiction was based on *Baker* v. *Commissioner of Correction*, supra, 281 Conn. 241. *Baker* did not specifically address claims alleging an ex post facto violation. Id., 248 n.9 (Supreme Court "granted the respondents' petition for certification to appeal . . . limited to the following issue: 'Did the Appellate Court properly conclude that the petitioner's claimed liberty interest in parole eligibility status was sufficient to invoke the habeas court's subject matter jurisdiction?' *Baker* v. *Commissioner of Correction*, 276 Conn. 927, 889 A.2d 816 (2005). We note that, because the Appellate Court did not reach the petitioner's ex post facto claim, that claim is not before this court, and the petitioner expressly waived that claim at oral argument before this court. Thus, we do not address whether the board properly may have considered the petitioner's 1991 and 1995 convictions when classifying his eligibility for parole for his 2001 conviction.").

Furthermore, *Baker* stated that its decision was in accord with *Johnson* v. *Commissioner of Correction*, supra, 258 Conn. 818–19. See *Baker* v. *Commissioner of Correction*, supra, 281 Conn. 260–61.

Our Supreme Court in *Johnson* v. *Commissioner of Correction,* supra, 258 Conn. 817, explained the difference in inquiry between a claim alleging "a violation of [the petitioner's] rights under the ex post facto clause as opposed to the due process clause." Specifically, the court explained that "[t]he United States Supreme Court has recognized that a law need not impair a vested right to violate the ex post facto prohibition. Evaluating whether a right has vested is important for claims under the Contracts [U.S. Const., art. I, § 10, cl. 1] or Due Process Clauses [U.S. Const., amends. V, XIV], which solely protect pre-existing entitlements. . . . The presence or absence of an affirmative, enforceable right is not relevant, however, to the ex post facto prohibition, which forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred. Critical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated. Thus, even if a statute merely alters penal provisions accorded by the grace of the legislature, it violates the Clause if it is both retrospective and more onerous than the law in effect on the date of the offense."[9] (Internal quotation marks omitted.) Id.

---

[9] The court further explained in *Johnson* that "[t]he presence of discretion does not displace the protections of the Ex Post Facto Clause. . . . Rather, [t]he controlling inquiry . . . [is] whether retroactive application of the change in [the] law create[s] a sufficient risk of increasing the measure of punishment attached to the covered crimes. . . . Thus, unlike a due process claim, the . . . focus [of which is] primarily on the degree of discretion enjoyed by the [governmental] authority, not on the estimated probability that the authority will act favorably in a particular case . . . the primary focus of an ex post facto claim is the probability of increased punishment. To establish a cognizable claim under the ex post facto clause, therefore, a habeas petitioner need only make a colorable showing that the new law creates a genuine risk that he or she will be incarcerated longer under that new law than under the old law." (Citations omitted; internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction,* supra, 258 Conn. 818.

The appropriate inquiry to determine whether the court has subject matter jurisdiction to consider a petition alleging an ex post facto violation is whether the petitioner, in his petition for a writ of habeas corpus, alleged sufficient facts to make a colorable showing that he likely will serve more prison time as a result of the extension of his parole eligibility date—from 50 percent to 85 percent of his sentence. In reviewing the record, the petitioner presupposes that there was a retroactive application of Spec. Sess. P.A. 08-1 to his situation. Specifically, the petitioner has not alleged that he was initially notified by the board that he would be eligible for parole after serving 50 percent of his sentence.[10] Pursuant to General Statutes (Rev. to 2007) § 54-125a (b) (2), the board properly could have determined that the petitioner was not eligible for parole until he finished serving 85 percent of his sentence. Accordingly, the petitioner's ex post facto violation is based on the assumption that the board applied Spec. Sess. P.A. 08-1 to determine that he would not be eligible for parole until he finished serving 85 percent of his sentence.

The appropriate inquiry for the court is to evaluate the petition based on the petitioner's assumption that the board incorrectly applied Spec. Sess. P.A. 08-1 in determining his parole eligibility. We find the decision in *Boyd* v. *Commissioner of Correction*, 96 Conn. App. 26, 898 A.2d 838, cert. denied, 280 Conn. 921, 908 A.2d 543 (2006), instructive on this issue. In *Boyd*, "[t]he petitioner filed an amended petition for a writ of habeas corpus . . . claiming that the board abused its discretion when setting the date for his next parole eligibility hearing. Specifically, the petitioner argued that, at the

---

[10] To the contrary, the petitioner admitted at oral argument before this court that he was advised by his attorney that he would be eligible for parole after serving 50 percent of his sentence.

time of his parole revocation hearing, the board misinterpreted Public Acts 1995, No. 95-255, which amended General Statutes § 54-125a to increase the minimum time that a prisoner convicted of certain violent offenses must serve on determinate sentences before he is eligible for release on parole. The statute increased from 50 percent to 85 percent the amount of the sentence that must be served prior to parole eligibility. The petitioner asserted that the board improperly was influenced by its incorrect interpretation of that statute when it set the date for his next parole eligibility hearing and, under *Johnson* v. *Commissioner of Correction,* [supra, 258 Conn. 804], and *Robinson* v. *Commissioner of Correction,* 258 Conn. 830, 786 A.2d 1107 (2002), the cases correcting the board's interpretation of Public Acts 1995, No. 95-255, he was entitled to reconsideration so as to remove any influence of the misinterpretation." (Internal quotation marks omitted.) *Boyd* v. *Commissioner of Correction,* supra, 28–29. The court determined that "[t]his inquiry, however, presupposes that there is retroactive application of the change in [the law] to the prisoner's situation." (Internal quotation marks omitted.) Id., 31. In *Boyd,* the court found that the habeas court's finding that the board did not use either the 50 percent or 85 percent requirement when setting the date for the petitioner's next parole eligibility hearing was supported by the record. Id., 31–32. Specifically, the petitioner's hearing date did not reflect the application of the 85 percent requirement. Id., 32. In addition, there was evidence before the court from the chairman of the board that the board's understanding of the service requirement did not influence the panel in setting the date for the petitioner's next parole eligibility hearing. Id., 29, 32–33. The court also noted that "unlike the letters issued to the prisoners in *Johnson* and *Robinson,* the letter sent to the petitioner documenting the results of the . . . hearing makes no statement that

the new parole eligibility hearing date reflects use of the 85 percent requirement." Id., 33 n.8. The court concluded that "[i]n light of this evidence, the [habeas] court was within its discretion to credit [the chairman of the board's] testimony and to discredit that of the petitioner. Accordingly, the petitioner has not proven that the 85 percent requirement influenced the board when it set the date for his next parole eligibility hearing." Id., 33.

In the present case, because the court declined to rule on the petition for a writ of habeas corpus without a hearing, there are no facts within or outside of the record with which to evaluate the petitioner's assumption. Accordingly, it would be premature, on the record before us, to decide that the board applied General Statutes (Rev. to 2007) § 54-125a (b) (2) instead of Spec. Sess. P.A. 08-1 in determining that the petitioner was not eligible for parole until he finished serving 85 percent of his sentence. Construing the petition in the manner most favorable to the pleader, as we must, we conclude that the petitioner has alleged sufficient facts to make a colorable showing that he will likely serve more prison time as a result of the board's application of the new law than under the old law.

We conclude that the court had subject matter jurisdiction over the petitioner's habeas petition. As a result, the court abused its discretion by refusing to rule on his petition for certification to appeal.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.