******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* ANDREW
STEPHENSON
(AC 36165)

Beach, Alvord and Keller, Js.

*Argued October 9, 2014—officially released January 6, 2015*

(Appeal from Superior Court, judicial district of
Hartford, geographical area number fourteen,
Carbonneau, J. [judgment]; McNamara, J. [petition for
writ of error coram nobis].)

*Michael A. Ugolini*, for the appellant (defendant).

*Melissa L. Streeto*, senior assistant state's attorney,
with whom, on the brief, were *Gail P. Hardy*, state's
attorney, and *Robert Mullins*, assistant state's attorney,
for the appellee (state).

*Opinion*

BEACH, J. The defendant, Andrew Stephenson, appeals from the judgment of the trial court denying his petition for a writ of error coram nobis. Because we conclude that in the circumstances presented, the court had no jurisdiction to consider the merits of the petition, we do not reach the merits of his claims.[1] We conclude that the court erred in finding that it had jurisdiction over the petitioner's petition for a writ of error coram nobis,[2] and, therefore, we remand the case with direction to dismiss the petition.

The following facts as found by the trial court and procedural history are relevant to our analysis. The petitioner came to the United States from Jamaica, as permitted by a work visa that was issued on June 7, 2006, and expired on April 3, 2007. He nevertheless has lived without proper documentation in the United States ever since. At the time the petition was heard, he was married and had one child. His wife and child were citizens of the United States.

The petitioner was arrested and arraigned on June 8, 2010. He was charged with criminal mischief in the second degree in violation of General Statutes § 53a-116, threatening in the second degree in violation of General Statutes § 53a-62 and criminal trespass in the first degree in violation of General Statutes § 53a-107. When the petitioner met with his trial counsel, he was advised that conviction of the charges against him could render him deportable. On April 15, 2011, the petitioner entered a guilty plea, under the *Alford* doctrine,[3] to all three charges. The court rendered judgment on April 15, 2011. The petitioner received an effective sentence of one year incarceration, execution suspended, and three years of probation. The petitioner sought and was granted early termination of his probation on February 28, 2012. The record does not reflect that any adverse immigration consequences have yet occurred. The petitioner filed a petition for a writ of error coram nobis on January 28, 2013, alleging ineffective assistance of counsel for several reasons. After finding that it had jurisdiction to consider the petition on its merits, the court denied the petition.

We begin our analysis by setting forth the applicable standard of review. Our Supreme Court has long held that "because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . ." (Internal quotation marks omitted.) *Richardson* v. *Commissioner of Correction*, 298 Conn. 690, 696, 6 A.3d 52 (2010).

"A writ of error coram nobis is an ancient common-law remedy which authorized the trial judge, within three years, to vacate the judgment of the same court

if the party aggrieved by the judgment could present facts, not appearing in the record, which, if true, would show that such judgment was void or voidable." (Internal quotation marks omitted.) *State* v. *Das*, 291 Conn. 356, 370, 968 A.2d 367 (2009). "A writ of error coram nobis lies only in the unusual situation where no adequate remedy is provided by law. . . . Moreover, when habeas corpus affords a proper and complete remedy the writ of error coram nobis will not lie." (Internal quotation marks omitted.) *State* v. *Henderson*, 259 Conn. 1, 3, 787 A.2d 514 (2002). "The errors in fact on which a writ of error [coram nobis] can be predicated are few. . . . This can be only where the party had no legal capacity to appear, or where he had no legal opportunity, or where the court had no power to render judgment." (Internal quotation marks omitted.) *Hubbard* v. *Hartford*, 74 Conn. 452, 455, 51 A. 133 (1902).[4]

The petitioner filed the petition for a writ of error coram nobis within three years of his guilty plea. He, however, also must show that no other form of relief was available.[5] The petitioner argues that the petition for a writ of coram nobis was the proper vehicle by which to bring his ineffective assistance of counsel claim because habeas relief was never available to him, in that his sentence included a suspended sentence of incarceration. We disagree and conclude that he could have brought a petition for habeas relief while he was on probation, and, therefore, his petition for a writ of error coram nobis could not provide relief.

General Statutes § 52-466 (a) (1) provides in relevant part that "[a]n application for a writ of habeas corpus . . . shall be made to the superior court, or to a judge thereof, for the judicial district in which the *person whose custody is in question is claimed to be illegally confined or deprived of his liberty*." (Emphasis added.) "A person is in custody when he is under a legal restraint." *Hastings* v. *Commissioner of Correction*, 82 Conn. App. 600, 603, 847 A.2d 1009 (2004), appeal dismissed, 274 Conn. 555, 876 A.2d 1196 (2005). Our Supreme Court has concluded that "the custody requirement in § 52-466 is jurisdictional in nature because the history and purpose of the writ of habeas corpus establish that the habeas court lacks the power to act on a habeas petition absent the petitioner's allegedly unlawful custody." (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 537, 911 A.2d 712 (2006).

In *Guerra* v. *State*, 150 Conn. App. 68, 71, 89 A.3d 1028 (2014), the petitioner had been sentenced to five years incarceration, execution suspended, and five years of probation. He did not file a habeas petition until after he had successfully completed his period of probation. Id., 71–72. This court concluded that "[t]he petitioner ceased suffering any present restraint from his challenged conviction, and thus was no longer in

custody pursuant thereto, *when his sentence expired upon the completion of his probation . . . .*" (Emphasis added.) Id., 76. The clear implication is that the petition for a writ of habeas corpus would have been appropriately considered had it been brought within the period of probation. See also General Statutes § 53a-28 (b); *State* v. *Faraday*, 268 Conn. 174, 180, 842 A.2d 567 (2004) ("[P]robation is, first and foremost, a penal alternative to incarceration . . . . [P]robationers . . . do not enjoy the absolute liberty to which every citizen is entitled, but only . . . conditional liberty properly dependent on observance of special [probation] restrictions." [Internal quotation marks omitted.]).

In this case, the petitioner was sentenced on April 15, 2011, to one year incarceration, execution suspended, and three years of probation. His probation was terminated early, on February 28, 2012. He could have filed a habeas petition during the time he was on probation, when his liberty was restricted. Because the petitioner could have raised any of his current claims in a habeas petition, he had a legal remedy available to him, and, therefore, the court did not have jurisdiction to reach the merits of the petition for a writ of error coram nobis.

The form of the judgment is improper, the judgment is reversed and the case is remanded with direction to render judgment of dismissal.

In this opinion the other judges concurred.

[1] In particular, the petitioner claims he was denied effective assistance of counsel, and that the trial court erred in refusing to consider his claim of innocence in the underlying criminal conviction.

[2] Because we hold that a prerequisite for reaching the merits of a petition for a writ of coram nobis was not met, the court lacked subject matter jurisdiction to consider the petition. In *Richardson* v. *Commissioner of Correction*, 298 Conn. 690, 696, 6 A.3d 52 (2010), for example, our Supreme Court held that the habeas court was without subject matter jurisdiction to consider the merits of a petition for a writ of habeas corpus, where the petitioner was no longer in custody. By analogy, the court in this case was without subject matter jurisdiction to consider the merits of the petition for a writ of coram nobis, because the petitioner at one time had available to him the petition for a writ of habeas corpus, and thus was ineligible for relief.

Because the Superior Court generally has no jurisdiction to act in cases after the defendant begins serving his or her sentence; see *State* v. *Das*, 291 Conn. 356, 362, 968 A.2d 367 (2009), and the court had no power to reach the merits of the petition in the present case because prerequisites were not met, *Richardson* controls.

[3] *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[4] The state argues that, because of more recently created remedies, such as the petition for a new trial, the writ of coram nobis should be jettisoned, if in fact it ever provided relief in Connecticut. We need not decide this issue, however, because even if the remedy does exist, the prerequisites for granting relief were not met here.

[5] Because we conclude that the petitioner could have brought a habeas petition, we do not decide whether he could have or should have brought a motion to withdraw the plea or a petition for a new trial, as the state argues.