## STATE OF CONNECTICUT *v.* ANDRE D. MARTIN
### (AC 25823)

Bishop, Gruendel and Robinson, Js.

Submitted May 22—officially released September 9, 2008

*Arthur L. Ledford*, special public defender, for the appellant (defendant).

*C. Robert Satti, Jr.*, senior assistant state's attorney, with whom, on the brief, was *Jonathan C. Benedict*, state's attorney, for the appellee (state).

*Opinion*

GRUENDEL, J. This appeal is before us on remand from our Supreme Court. The defendant, Andre D. Martin, was convicted of attempt to possess one kilogram or more of marijuana with intent to sell by a person who is not drug-dependent in violation of General Statutes

§§ 21a-278 (b) and 53a-49, possession of four ounces or more of a cannabis-type substance in violation of General Statutes § 21a-279 (b) and conspiracy to possess one kilogram or more of marijuana with intent to sell in violation of General Statutes §§ 21a-277 (b), 21a-278 (b) and 53a-48. He appealed from that judgment of conviction to this court, claiming that (1) his fifth amendment right against double jeopardy was violated when he was convicted of both attempted possession of marijuana with intent to sell and possession of marijuana, (2) the evidence was insufficient to support his conviction of possession of marijuana and attempted possession of marijuana, and (3) the trial court improperly excluded from evidence two statements that exculpated him. In *State* v. *Martin*, 98 Conn. App. 458, 909 A.2d 547 (2006), this court addressed only the defendant's second claim and determined that the evidence was insufficient to support his conviction. We therefore reversed the judgment of the trial court and remanded the case with direction to render judgment of not guilty. The state sought certification to appeal from our Supreme Court, which was granted. In *State* v. *Martin*, 285 Conn. 135, 162, 939 A.2d 524 (2008), our Supreme Court reversed our decision, determined that there was sufficient evidence to support the defendant's conviction and remanded the case to us with direction to consider his remaining claims on appeal. After considering the defendant's remaining claims, we reverse in part the judgment of the trial court.

The facts of this case are set forth in our earlier opinion. See *State* v. *Martin*, supra, 98 Conn. App. 460–65. We therefore will summarize the relevant facts. In May, 2003, the Bridgeport office of the federal Drug Enforcement Administration (DEA) was made aware of a suspicious package that was to be delivered to an address in Bridgeport. Instead of allowing it to be delivered, the DEA arranged for the package to be

routed to the Yellow Freight Company (Yellow Freight) facility in Middletown. The DEA obtained a federal search warrant for the package and, upon searching it, discovered that it contained four white buckets and that each bucket contained one or more bundles heavily wrapped in plastic. Laboratory tests confirmed that the bundles contained marijuana and that the total weight of the material was approximately eighteen pounds.

At some point, the investigation was transferred to local authorities, and it was determined that they would conduct a controlled delivery of the package. All but 4.4 ounces of the marijuana was removed, and the remainder of the package was filled so as to approximate its original weight. Jeremy DiPietro, a detective with the Bridgeport police department, and a state police trooper thereafter took over the investigation, and the state trooper, working undercover, telephoned the person Yellow Freight was to contact to pick up the package and told that person to pick up the package at approximately noon the following day.

The following day, aerial and land surveillance revealed that a tan Mitsubishi Gallant entered the Yellow Freight parking lot with a man driving and a woman in the passenger seat. After the woman spoke with a Yellow Freight representative, the car left the parking lot and rendezvoused with a maroon Chevrolet occupied by the defendant and another individual. The Chevrolet then entered the lower parking lot of the facility, and the defendant exited the vehicle and walked around the lot looking at the vehicles as he passed them. He then returned to the vehicle, and it left the lot. After it left the lot, the Gallant returned, and the package was loaded into the car. The Gallant then left the facility and again rendezvoused with the Chevrolet, and the two cars proceeded to the highway and traveled together to 98 Holly Street in Bridgeport. After arriving at 98 Holly

Street, the defendant helped an individual, later identified as Keith Mangan, carry the package up the stairs and into the house. Several minutes later, the police executed their search warrant of the house. They discovered the defendant in the living room and the package in a freestanding tub concealed by a shower curtain.

The state charged the defendant with attempt to possess one kilogram or more of marijuana with intent to sell by a person who is not drug-dependent in violation of §§ 21a-278 (b) and 53a-49, possession of four ounces or more of a cannabis-type substance in violation of § 21a-279 (b) and conspiracy to possess one kilogram or more of marijuana with intent to sell in violation of §§ 21a-277 (b), 21a-278 (b) and 53a-48. After a jury trial, the defendant was convicted on all counts. The court sentenced him to twelve years imprisonment on the attempted possession charge, five years imprisonment on the possession charge and twelve years imprisonment on the conspiracy charge, with the possession and conspiracy charges running concurrently with the attempted possession charge, for a total effective sentence of twelve years imprisonment.

I

The defendant claims that his fifth amendment right against double jeopardy was violated because he was convicted and sentenced for both attempted possession of marijuana with intent to sell and possession of marijuana, which he claims would have been one offense but for the intervening conduct of police.[1] We agree with the defendant.

The defendant concedes that this claim was not preserved at trial, and he now seeks review under *State*

---

[1] The defendant also claims that his fifth amendment right against double jeopardy was violated because the crime of possession is a lesser offense included within the crime of attempt to possess with intent to sell, and, therefore, he should not have been sentenced for both crimes. Because we decide this case on alternate grounds, we need not reach this issue.

v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). Under *Golding*, a defendant, on appeal, can prevail on a constitutional claim of error when the claim was not raised in the trial court only if all of the following conditions are satisfied: "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." Id. "The first two [prongs of *Golding*] involve a determination of whether the claim is reviewable; the second two . . . involve a determination of whether the defendant may prevail." (Internal quotation marks omitted.) *State v. Peeler*, 271 Conn. 338, 360, 857 A.2d 808 (2004), cert. denied, 546 U.S. 845, 126 S. Ct. 94, 163 L. Ed. 2d 110 (2005). The defendant's claim is reviewable because the first two prongs of *Golding* are met. In addition, for reasons stated herein, the defendant will prevail on his claim under the third prong of *Golding*.

"The double jeopardy clause of the fifth amendment to the United States constitution provides: [N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . . The double jeopardy clause is applicable to the states through the due process clause of the fourteenth amendment. . . . Although the Connecticut constitution has no specific double jeopardy provision, we have held that the due process guarantees of article first, § 9, include protection against double jeopardy. . . . We have recognized that the Double Jeopardy Clause consists of several protections: It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for

the same offense. . . . These protections stem from the underlying premise that a defendant should not be twice tried or punished for the same offense." (Internal quotation marks omitted.) *State* v. *Coltherst*, 87 Conn. App. 93, 112, 864 A.2d 869, cert. denied, 273 Conn. 919, 871 A.2d 371 (2005). Here, the defendant's claim implicates the protection against multiple punishments for the same offense.

Traditionally, when adjudicating double jeopardy claims, we apply the test set out in *Blockburger* v. *United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), under which we look only to the charging instruments, bill of particulars and applicable statutes to determine whether multiple offenses arising out of the same act or transaction are the same offense for purposes of double jeopardy. The nature of this case, however, persuades us that *Blockburger* is not the correct analysis. This is not a case in which we are analyzing only the actions of the defendant to determine if charges that arise out of the same act or transaction constitute the same offense. Rather, we are analyzing the actions of the defendant in addition to intervening actions of the police to determine if, but for the actions of the police, the defendant would have been charged with multiple offenses. We conclude, therefore, that an alternate analysis applies in which we look to the facts of the case to determine whether the defendant properly was convicted and sentenced for possession of marijuana and attempted possession of marijuana with intent to sell.

The defendant was part of a conspiracy to possess eighteen pounds of marijuana that was mailed in a package from Arizona to Connecticut. When the police received a tip about the shipment, they intercepted it and separated the contents of the package so that only 4.4 ounces of marijuana remained in the package. Consequently, when the defendant picked up the package,

instead of possessing all of the marijuana, he actually possessed only 4.4 ounces. Because he intended to possess the whole, and the remainder of the marijuana had been removed, he was also charged with attempted possession of marijuana because he engaged in conduct that would have constituted the crime if attendant circumstances were as he believed them to be. In effect, the action of the police in separating out the contents of the package, albeit out of a concern for public safety, nevertheless created two offenses, possession and attempted possession, when only one offense should have arisen.[2] In this case, the marijuana that supports the possession charge and the marijuana that supports the charge of attempted possession with intent to sell are part of the same transaction, the same common scheme or plan, the same mailing and the same receiving, and but for the police separating out the contents of the package, one charge, in addition to the conspiracy charge, would have arisen. See *Jerskey* v. *State*, 546 P.2d 173 (Wyo. 1976) (court held defendant's right to not be sentenced twice for same crime violated when police intercepted package of seven bricks of marijuana, removed six with one remaining, delivered package to defendant, who received it, and charged defendant with possession with intent to deliver and attempted possession with intent to deliver because common scheme or plan consisted of one mailing of controlled substance and fact that six bricks were confiscated by police en route and therefore only one received cannot create different transactions or change common scheme or plan in way that would support conviction of two crimes). We conclude, therefore, that the defendant's right against double jeopardy was violated when he was convicted and sentenced for both

---

[2] Nothing in this opinion should be construed as a rebuke of the police for removing a large quantity of the marijuana from the package. We recognize that their action was a public safety measure designed to ensure that a large amount of marijuana does not find its way into our communities.

attempted possession of marijuana with intent to sell and possession of marijuana.

In finding a double jeopardy violation, we must also determine the remedy on remand. The proper disposition of this case is to merge the conviction of attempted possession of marijuana with intent to sell with the conviction of possession of marijuana. See *State* v. *Barber*, 64 Conn. App. 659, 677, 781 A.2d 464, cert. denied, 258 Conn. 925, 783 A.2d 1030 (2001). The determination of which sentence is to be vacated is a question of the intent of the sentencing court. Id. "In cases in which the intention of the sentencing court is unclear, the court is given discretion on remand to decide which sentence to vacate. See *State* v. *Chicano*, [216 Conn. 699, 714 n.16, 584 A.2d 425 (1990), cert. denied, 501 U.S. 1254, 111 S. Ct. 2898, 115 L. Ed. 2d 1062 (1991)]; *State* v. *Barber*, [supra, 678]." *State* v. *Edwards*, 100 Conn. App. 565, 592, 918 A.2d 1008, cert. denied, 282 Conn. 928, 929, 926 A.2d 666, 667 (2007).

In the present case, however, the court's intention was clear that the defendant should receive a total effective term of twelve years and that the court intended the controlling charge to be attempted possession of marijuana with intent to sell. See id. The court sentenced the defendant to twelve years on the attempted possession count, twelve years on the conspiracy count and five years on the possession count with the terms of imprisonment for the conspiracy and possession counts to run concurrently with the term of imprisonment for the attempted possession count. As between the attempted possession and possession charges, the court deemed the attempted possession charge to be the greater charge and the possession charge to be the lesser charge. "The typical solution is for the appellate court to order the sentence of the lesser charge vacated to effectuate the longer of the two sentences." *State* v. *Barber*, supra, 64 Conn. App.

678. Accordingly, we order the court to combine the conviction of attempted possession of one kilogram or more of marijuana with intent to sell and possession of four ounces or more of marijuana and to vacate the sentence on the conviction of possession of four ounces or more of marijuana.

## II

The defendant's second claim is that the court abused its discretion when it precluded from evidence two hearsay statements that he argues should have been admitted as statements against penal interest. A review of the transcript reveals that when the defendant attempted to offer each statement into evidence, the state objected to each on hearsay grounds and that the court sustained the objection without argument from the defense. The defendant failed to raise any hearsay exception on which the court could have ruled. See Practice Book § 5-2. This failure by the defendant precludes our review of this claim, as we will not decide an issue that was not presented to the trial court. "To review claims articulated for the first time on appeal and not raised before the trial court would be nothing more than a trial by ambuscade of the trial judge." (Internal quotation marks omitted.) *In re Anna Lee M.*, 104 Conn. App. 121, 124 n.2, 931 A.2d 949, cert. denied, 284 Conn. 939, 937 A.2d 696 (2007). Because the defendant failed to distinctly raise this evidentiary issue before the trial court, we decline to review the merits of his claim.

The judgment is reversed in part and the case is remanded with direction to combine the conviction of attempted possession of a kilogram or more of marijuana with intent to sell with the conviction for possession of over four ounces of marijuana and to vacate the sentence for possession of over four ounces of

marijuana. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.