## STATE OF CONNECTICUT *v.* ANDRE D. MARTIN
### (SC 18261)

Norcott, Katz, Palmer, Vertefeuille, Zarella and McLachlan, Js.*

Argued February 11—officially released March 23, 2010

---

\* This case was scheduled to be argued before a panel of this court consisting of Norcott, Katz, Palmer, Vertefeuille, Zarella and McLachlan, Js. Although Justice McLachlan was not present when the case was argued before this court, he read the record, briefs and transcript of oral argument prior to participating in this decision.

*C. Robert Satti, Jr.*, senior assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Jonathan C. Benedict*, former state's attorney, for the appellant (state).

*Arthur L. Ledford*, special public defender, for the appellee (defendant).

### Opinion

PER CURIAM. The state appeals, upon our grant of its petition for certification,[1] from the judgment of the Appellate Court reversing in part the judgment of conviction and remanding the case to the trial court with direction to merge the conviction of attempted possession of one kilogram or more of marijuana with intent to sell by a person who is not drug-dependent in violation of General Statutes §§ 21a-278 (b) and 53a-49, with the conviction of possession of four ounces or more of

---

[1] We granted the state's petition for certification to appeal limited to the following issue: "Did the Appellate Court correctly conclude that a conviction for possession of four ounces or more of marijuana in violation of General Statutes § 21a-279 (b) should be merged with the conviction of attempt to possess one kilogram or more of marijuana with the intent to sell in violation of General Statutes §§ 21a-278 (b) and 53a-49?" *State* v. *Martin*, 289 Conn. 944, 959 A.2d 1010 (2008).

marijuana in violation of General Statutes § 21a-279 (b), and vacating the sentence for possession of four ounces or more of marijuana.[2] *State* v. *Martin*, 110 Conn. App. 171, 180–81, 954 A.2d 256 (2008). The Appellate Court determined that the two convictions violated the proscription against double jeopardy contained in the fifth amendment to the United States constitution and that they, therefore, must be merged, because, but for the actions of the police, the defendant, Andre D. Martin, would not have been charged with both offenses. Id., 177–79.

In its certified appeal to this court, the state claims that the Appellate Court applied an improper legal standard in assessing the defendant's double jeopardy claims. After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

---

[2] The defendant was also convicted of conspiracy to possess a kilogram or more of marijuana with intent to sell in violation of General Statutes §§ 21a-277 (b), 21a-278 (b) and 53a-48. This conviction is not at issue in this appeal.