### ANDRE MARTIN *v.* COMMISSIONER OF CORRECTION
### (AC 33682)

Gruendel, Robinson and Espinosa, Js.

Argued November 30, 2012—officially released February 26, 2013

*Natalie Olmstead,* assigned counsel, for the appellant (petitioner).

*Linda Currie-Zeffiro,* assistant state's attorney, with whom, on the brief, were *John C. Smriga,* state's attorney, *C. Robert Satti, Jr.,* supervisory assistant state's attorney, and *Gerard Eisenman,* former senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Andre Martin, appeals from the judgment of the habeas court denying his second amended petition for a writ of habeas corpus. The petitioner claims that the court improperly determined that his trial counsel rendered effective assistance with regard to his exercising his right to testify at trial on his own behalf. We disagree and, accordingly, affirm the judgment of the habeas court.

The record reveals the following relevant facts and procedural history. The petitioner was convicted of the crimes of attempt to possess one kilogram or more of marijuana with the intent to sell by a person who is not drug-dependent in violation of General Statutes §§ 21a-278 (b) and 53a-49 (a), possession of four ounces or more of a cannabis-type substance in violation of General Statutes § 21a-279 (b) and conspiracy to possess one kilogram or more of marijuana with the intent to sell in violation of General Statutes §§ 21a-278 (b) and 53a-48 (a), for which he received a total effective

sentence of twelve years of incarceration. His conviction was affirmed in part and reversed in part on appeal,[1] and the matter was remanded to the trial court with direction to combine the petitioner's conviction of attempt to possess one kilogram or more of marijuana with the intent to sell with his conviction of possession of four ounces or more of marijuana and to vacate the sentence for the possession conviction.[2] See *State* v. *Martin*, 110 Conn. App. 171, 180, 954 A.2d 256 (2008), appeal dismissed, 295 Conn. 192, 989 A.2d 1072 (2010).

The petitioner filed his second amended petition for a writ of habeas corpus on December 16, 2010, in which he alleged that his trial counsel, Richard Lafferty, in various ways, had rendered ineffective assistance with regard to the petitioner's decision to testify on his own behalf.[3] In particular, the petitioner alleged that Lafferty "misadvised [him] about the wisdom of testifying,"

[1] The petitioner's arrest and conviction stemmed from an incident involving the transport of a package containing marijuana. The police knew the package contained marijuana and kept it under surveillance. The petitioner was a passenger in one of several vehicles involved in the transport of the package from a freight company in Middletown to a residence in Bridgeport. The police executed a search and seizure warrant at that residence, at which time they found the petitioner in the living room, a coconspirator in a bedroom and the unopened package in a bathroom. The petitioner claimed in his direct appeal, inter alia, that there was insufficient evidence to establish that he had had dominion and control over the marijuana or that he had had knowledge of the contents of the package. This court agreed and initially reversed the conviction, but that decision was overturned by our Supreme Court, which remanded the matter to this court for consideration of the remainder of the petitioner's claims. See *State* v. *Martin*, 98 Conn. App. 458, 909 A.2d 547 (2006), rev'd, 285 Conn. 135, 939 A.2d 524, cert. denied, 555 U.S. 859, 129 S. Ct. 133, 172 L. Ed. 2d 101 (2008).

[2] Because the five year sentence for possession was to have run concurrently with the remainder of his twelve year sentence, the petitioner's overall effective sentence was unchanged.

[3] The petitioner also alleged in his habeas petition that Lafferty was ineffective in several ways with regard to certain out-of-court statements that the petitioner alleged contained exculpatory information. The petitioner withdrew all claims related to the statements, however, during closing argument, and, thus, they are not before us on appeal.

failed to advise him adequately "about the risks and dangers associated with choosing to testify," "misguidedly encouraged [him] to testify in his defense," failed to ensure that he made an intelligent, knowing and voluntary decision to waive his right to testify, failed to prepare him adequately to testify and failed "to take steps to ensure that unnecessary prejudicial information was not elicited or offered during [his] testimony . . . ." Following a hearing, the habeas court denied the habeas petition, concluding that the petitioner had failed to prove that Lafferty had not offered reasonably competent advice regarding the petitioner's decision to testify. The court subsequently granted his petition for certification to appeal. This appeal followed.

"To prevail on a claim of ineffective assistance of counsel, a habeas petitioner generally must show that counsel's performance was deficient and that the deficient performance prejudiced the defense." *Ortiz* v. *Commissioner of Correction*, 92 Conn. App. 242, 244, 884 A.2d 441, cert. denied, 276 Conn. 931, 889 A.2d 817 (2005), citing *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Sotomayor* v. *Commissioner of Correction*, 135 Conn. App. 15, 20, 41 A.3d 333, cert. denied, 305 Conn. 903, 43 A.3d 661 (2012). "The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Joseph* v. *Commissioner of Correction*, 117 Conn. App. 431, 433, 979 A.2d 568, cert. denied, 294 Conn. 906, 982 A.2d 1080 (2009). If, as in the present case, the habeas court determines

that the petitioner failed to satisfy the performance prong of the *Strickland* standard, that determination is dispositive of the petitioner's habeas claims, and it is unnecessary for the court to reach the prejudice prong. See *Johnson* v. *Commissioner of Correction*, 218 Conn. 403, 429, 589 A.2d 1214 (1991) (reviewing court can find against petitioner on either prong of *Strickland*).

"To satisfy the performance prong . . . the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law." (Internal quotation marks omitted.) *Corona* v. *Commissioner of Correction*, 123 Conn. App. 347, 352, 1 A.3d 1226, cert. denied, 299 Conn. 901, 10 A.3d 519 (2010). "In *Strickland* [v. *Washington*, supra, 466 U.S. 687], the United States Supreme Court held that [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a [petitioner] to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . [C]ounsel is strongly presumed to have rendered adequate assistance and

made all significant decisions in the exercise of reasonable professional judgment." (Internal quotation marks omitted.) *Sotomayor* v. *Commissioner of Correction*, supra, 135 Conn. App. 21–22. With those principles in mind, we turn to the merits of the petitioner's appeal.

The petitioner claims that the habeas court erred in determining that Lafferty's performance was not deficient. He argues, in part, that rather than basing its decision on the quality of Lafferty's advice, the court rendered its decision on the basis of an erroneous conclusion that the petitioner knew the risks associated with testifying. On the basis of our review of the record, we conclude that the court properly determined that Lafferty's performance fell within the range of reasonable professional assistance.

There is no merit to the petitioner's assertion that the court failed in its duty to scrutinize Lafferty's performance. In reaching its decision, the court reviewed the testimony of the petitioner and Lafferty regarding how the petitioner reached his decision to testify and the nature of the advice given by Lafferty. As noted by the court in its memorandum of decision, they "had much different recollections regarding the petitioner's decision to testify." The court, however, found Lafferty's testimony to be more credible than the petitioner's testimony. We will not second-guess the court's credibility determination on appeal. See *Joseph* v. *Commissioner of Correction*, supra, 117 Conn. App. 433.

Lafferty testified that the issue of whether the petitioner should testify on his own behalf was the subject of several conversations he had with the petitioner, but, ultimately, it was the petitioner's decision to testify. The first time they discussed the issue was prior to trial. Lafferty could not recall whether he or the petitioner had raised the topic. At that time, the petitioner had indicated his desire to address the jury about his

version of the events surrounding his arrest. Lafferty, on the basis of what he knew at that time, initially believed that the petitioner's testifying might be helpful to the defense. Lafferty explained, however, that they went "back and forth, hemmed and hawed" about whether the petitioner should testify and that the final decision was not made until after the state had rested its case.

At the close of the state's evidence, the trial court asked if there would be evidence from the defense, and Lafferty asked for and received time to further consult with the petitioner. They again discussed the pros and cons of his testifying for approximately ten minutes. On the basis of the relative strength of the state's evidence, in particular the testimony of the investigator who was the state's chief witness and whose testimony Lafferty described as methodical and very believable, Lafferty reviewed with the petitioner the general risks associated with his testifying and expressed his opinion that it was unlikely that the petitioner would be "able to help himself" by testifying and that doing so would be "risky." Lafferty stressed to the petitioner that, if he chose to testify, he needed to be truthful, and that, on cross-examination, the prosecutor could raise prior convictions and anything else in the petitioner's background that would go to his credibility or truthfulness. According to Lafferty, the petitioner understood what that meant. The petitioner nevertheless insisted on testifying.

Although Lafferty admitted that he never reviewed specific topics that the state potentially might ask about during cross-examination, as the habeas court concluded, "[t]he issues on which the petitioner was questioned were not novel or surprising." Lafferty indeed warned the petitioner that, if he testified, he could be questioned about anything that went to his veracity as a witness, and that is exactly what transpired. No

credible evidence was presented from which the court reasonably could have found that Lafferty's advice was so deficient as to have left the petitioner to make a wholly uninformed decision to testify. The habeas court stated in its memorandum of decision that the petitioner also was canvassed thoroughly by the trial court about his decision to testify. The habeas court also discussed the extent to which the petitioner was aware of newly obtained evidence that the state had disclosed just prior to his testimony would be available for impeachment purposes. Nevertheless, we do not construe the foundation of the court's decision as resting upon the petitioner's personal knowledge of the evidence used to impeach his testimony. Rather, the habeas court properly based its ruling on the petitioner's failure to satisfy his burden of overcoming the strong presumption that Lafferty provided effective assistance in this matter.

The judgment is affirmed.