******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

AUGUSTUS E. SAMUEL, JR., ET AL. *v.* CITY OF
HARTFORD ET AL.
(AC 36121)

DiPentima, C. J., and Gruendel and Prescott, Js.

*Submitted on briefs September 25—officially released December 9, 2014*

(Appeal from Superior Court, judicial district of
Hartford, Schuman, J.)

*Augustus E. Samuel, Jr.*, self-represented, the appellant (named plaintiff) filed a brief.

*Nathalie Feola-Guerrieri,* senior assistant corporation counsel, filed a brief for the appellees (defendants).

*Opinion*

GRUENDEL, J. The self-represented plaintiff, Augustus E. Samuel, Jr.,[1] appeals from the judgment of the trial court in favor of the defendants, the city of Hartford, Daryl K. Roberts and Neil Dryfe.[2] He claims that the court improperly dismissed two counts alleging defamation of character and an action for what his complaint termed "deliberate indifference." We disagree and, accordingly, affirm the judgment of the trial court.

The relevant facts are as follows. On May 19, 2010, the plaintiff filed a motion in the Superior Court to waive the entry fee and to pay the costs of service of process, which the court granted. He then commenced a civil action against the defendants on June 17, 2010. His handwritten complaint consisted of four counts that alleged defamation of character, false imprisonment, malicious prosecution and an action for "deliberate indifference." Prior to trial, the court rendered summary judgment in favor of the defendants on the third count alleging malicious prosecution. At the court trial, the plaintiff withdrew the second count alleging false imprisonment. Accordingly, the only counts that remained for the court's consideration were those alleging defamation of character and deliberate indifference. This appeal likewise pertains only to those counts.

Prior to trial, the defendants filed a request for leave to amend their answer and special defenses. In that motion, the defendants sought to allege, as a special defense, that the plaintiff's action was barred by the statute of limitations set forth in General Statutes § 52-597. After hearing argument, the court granted that motion and permitted the defendants to so amend their pleadings.

At trial, the defendants introduced into evidence a general release signed by the plaintiff on December 18, 2012, approximately one and one half years after the civil action was commenced. That release provides in relevant part: "Know all Men by these Presents that I, Augustus Samuel, hereinafter referred to as the Releasor, for the sole consideration of Three Thousand Five Hundred Dollars ($3,500.00), to me in hand paid by the City of Hartford, hereinafter referred to as the Releasee, the receipt of which is acknowledged, has released, remised and forever discharged, and by these presents do for myself and my heirs, executors, administrators and assigns, release, remise and forever discharge the said City of Hartford, its employees and personnel and its successors and assigns, of and from all debts, obligations, promises, covenants, agreements, claims, demands, damages, actions, or causes of action, which against the Releasee, the Releasor ever had, now has or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever, from

the beginning of the world to the date of these presents, and particularly in connection with the 2002 City of Hartford Grand List Tax Deed Sale of 205 Laurel Street . . . ."

When the plaintiff concluded his case-in-chief, the defendants immediately made an oral motion to dismiss the action. After affording the parties ample argument on the motion, the court delivered its decision from the bench. As to count one, the court found that the defamation action was barred by § 52-597. The court further found that the general release precluded recovery thereon. With respect to count four alleging deliberate indifference, the court again found that the general release "applies to that count as it does to the entire lawsuit." The court also found that count four failed to state a claim upon which relief could be granted. Accordingly, the court granted the defendants' motion and rendered a judgment of dismissal. From that judgment, the plaintiff now appeals.

I

The plaintiff first claims that the court improperly determined that the defamation count was time barred. We disagree.

"Whether a particular action is barred by the statute of limitations is a question of law to which we apply a plenary standard of review." (Internal quotation marks omitted.) *Florian* v. *Lenge*, 91 Conn. App. 268, 279, 880 A.2d 985 (2005). The pertinent statute of limitations is contained in § 52-597, which provides that "[n]o action for libel or slander shall be brought but within two years from the date of the act complained of."

The plaintiff's complaint alleges that Roberts made certain defamatory remarks about the plaintiff during a television broadcast, which aired on multiple occasions in early 2008, the last occurring on March 8, 2008. The plaintiff commenced this action on June 17, 2010, more than two years after the last alleged publication thereof. On that basis, the court concluded that the defamation of character count was barred by § 52-597.

On appeal, the plaintiff argues that the defendants waived any statute of limitations defense. His claim is belied by the fact the court granted permission to the defendants to amend their answer and special defenses prior to the commencement of trial. In so doing, the court reasoned: "I see no prejudice to the plaintiff if the defendants amend their answer at this point because this issue is primarily a question of law and will not require much, if any, testimony to . . . establish an actual basis for the decision. This is an important issue that I believe should be resolved . . . ."

Although the plaintiff in his appellate brief states that "the court clearly abused its discretion" in granting the defendants leave to amend their pleadings, he has not further briefed that contention in any manner. Apart

from the inadequacy of that bald assertion; see, e.g., *Russell* v. *Russell*, 91 Conn. App. 619, 634–35, 882 A.2d 98, cert. denied, 276 Conn. 924, 925, 888 A.2d 92 (2005); the record reveals that the plaintiff did not raise any objection before the trial court, as required by Practice Book §§ 5-2 and 60-5, rendering that contention unpreserved.[3]

The plaintiff also argues that the statute of limitations was equitably tolled by the federal prison mailbox rule. He claims that he "placed the complaint in the prison mailbox" on January 26, 2010. The only evidence submitted at trial to support that assertion was the plaintiff's own testimony that he dated and mailed his complaint on that date, which the court, as sole arbiter of credibility, was free to reject. See *Jay* v. *A & A Ventures, LLC*, 118 Conn. App. 506, 514, 984 A.2d 784 (2009).

Beyond the paucity of evidence underlying that contention, the plaintiff's claim founders on the fact that this court, as recently as this past April, has declined to adopt that federal rule. As we stated: "The plaintiff also claims that the court erred in declining to apply the federal prison mailbox rule. See *Houston* v. *Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (notice of appeal deemed filed when prisoner delivers it to prison authorities for forwarding to court). In *Hastings* v. *Commissioner of Correction*, 82 Conn. App. 600, 604, 847 A.2d 1009 (2004), appeal dismissed, 274 Conn. 555, 876 A.2d 1196 (2005), this court expressly declined to adopt such a rule. We are bound by that precedent, as it is axiomatic that one panel of this court cannot overrule the precedent established by a previous panel's holding. See, e.g., *First Connecticut Capital, LLC* v. *Homes of Westport, LLC*, 112 Conn. App. 750, 759, 966 A.2d 239 (2009) (this court's policy dictates that one panel should not, on its own, reverse the ruling of a previous panel . . .)." (Internal quotation marks omitted.) *Connelly* v. *Commissioner of Correction*, 149 Conn. App. 808, 815, 89 A.3d 468 (2014). This court likewise is bound by that precedent. Accordingly, we conclude that the court properly determined that the defamation count was barred by § 52-597.

## II

The plaintiff next claims that the court improperly determined that the general release warranted the dismissal of his defamation and deliberate indifference counts, which arose from the alleged conduct of Roberts and Dryfe in early 2008. That general release provides in relevant part that the plaintiff, in exchange for the payment of $3500, did "release, remise and forever discharge the said City of Hartford, its employees and personnel and its successors and assigns, of and *from all debts, obligations, promises, covenants, agreements, claims, demands, damages, actions, or causes of action,* which against the Releasee, the Relea-

sor ever had, now has or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the date of these presents . . . ." (Emphasis added.) In its oral decision, the court emphasized that "the critical language of the release states that [the plaintiff] releases the city, its employees and personnel from all causes of action that he has or . . . hereafter can bring from the beginning of time to the present. And, particularly, in connection with the tax deed rebate claim that [the plaintiff] filed. But the . . . plain language of the release makes it clear that the tax case was not the only matter released. It applies to all causes of action, and particularly, the tax rebate case. The use of the word particularly means including, but [not] limited to. So I find that the plain language of the release encompasses this action, which did exist at the time [that the plaintiff signed the release in] December of 2012 . . . ."

The plaintiff contests that determination on two fronts. First, he claims that the general release was not properly authenticated. That claim requires little discussion. The general release was introduced into evidence at trial as exhibit A. During cross-examination of the plaintiff at trial, defense counsel presented that exhibit to the plaintiff, who testified that he recognized the document as a release that contained his signature "[o]n the second page at the right side," that he had the opportunity to review and read the document prior to signing it, and that the present action was pending at that time. That testimony properly authenticated the general release. See *American Heritage Agency, Inc.* v. *Gelinas*, 62 Conn. App. 711, 720, 774 A.2d 220 (writing may be authenticated by number of methods, including direct testimony), cert. denied, 257 Conn. 903, 777 A.2d 192 (2001).

The plaintiff also argues that the general release violates the statute of frauds. The plaintiff did not raise this claim in any manner before the trial court. Our rules of practice require a party, as a prerequisite to appellate review, to distinctly raise its claim before the trial court. See Practice Book § 5-2 ("[a]ny party intending to raise any question of law which may be the subject of an appeal must . . . state the question distinctly to the judicial authority"); Practice Book § 60-5 ("[t]he [reviewing] court shall not be bound to consider a claim unless it was distinctly raised at trial or arose subsequent to trial"). For that reason, we repeatedly have held that "we will not decide an issue that was not presented to the trial court. To review claims articulated for the first time on appeal and not raised before the trial court would be nothing more than a trial by ambuscade of the trial judge." (Internal quotation marks omitted.) *State* v. *Martin*, 110 Conn. App. 171, 180, 954 A.2d 256 (2008), appeal dismissed, 295 Conn. 192, 989 A.2d 1072 (2010). We therefore decline to further consider the plaintiff's claim, and conclude

that the court properly determined that the general release barred the present action.[4]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Also named as a plaintiff in the operative complaint was Augustus E. Samuel III. He has not filed an appearance in this appeal, and it is axiomatic that his father, Augustus E. Samuel, Jr., cannot do so on his behalf, as he is not an attorney licensed to practice law in this state. "As a self-represented party, [the plaintiff] cannot represent the interests of another party. A pro se party may not appear on behalf of another pro se party. . . . To do so would be to engage in the unauthorized practice of law. See General Statutes § 51-88." (Internal quotation marks omitted.) *Zenon* v. *Mossy*, 114 Conn. App. 734, 734 n.1, 970 A.2d 814 (2009). We therefore refer to Augustus E. Samuel, Jr., as the plaintiff in this opinion.

[2] At all relevant times, Roberts was the Chief of Police and Dryfe was the Assistant Chief of Police for the Hartford Police Department.

[3] Prior to ruling on the defendants' request for leave to amend their pleadings, the following colloquy transpired between the court and the plaintiff:

"The Court: Sir, at this point I am not deciding the special defense, I'm only deciding whether they can amend their answer to include the special defense. So while I understand you disagree with the special defense on the merits.

"[The Plaintiff]: I disagree, Your Honor.

"The Court: The only question is whether they can raise the issue at this point, and then I can decide it later after—probably after your case is heard. So what is your position on that, on whether they can raise the issue?

"[The Plaintiff]: I don't see where they have grounds to actually raise it, Your Honor. But if the Court deems for them to raise it, then that's the Court's decision on that.

"The Court: Okay."

[4] In his appellate brief, the plaintiff also alleges a violation of his right to substantive due process. He raised no such claim before the trial court. In light of our conclusion that the general release barred this action, we need not address that constitutional claim. We nonetheless note that the plaintiff has not demonstrated, on the record before us, that a violation of his right to substantive due process clearly exists.